IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHENG I. CHENG,<br><br>        Plaintiff,<br><br>  v.<br><br>Deputies LEVAS #694; DEMARTIN #D139; KNAPTON; A. AVILA #125; C. PARKER; F. CARRASCON; J. HARP; A. RINNIGER; M. HINSHAW #D781; M. HUNTOON; R. SALAZAR; R. GRASTY; G. JOHNSON #566; MALETI; ROBERTS #34; ROBERTS #34; PALABY #98; ABRAMS #12; OSBORN #142; Forensic Mental Health MS. MOLLY and MS. ROSEMARY; Nurse MR. GIDEON; Nurse MR. BRETT; Head Nurse MR. MIKE; Nurse MS. CAOLINE; Nurse MS. ERICA; REBECCA ANDERSON POTTS, Medical Manager, San Mateo County Jail; SAN MATEO COUNTY JAIL; COUNTY OF SAN MATEO, and DOES I-V,<br><br>        Defendants.<br>_____/ | No. C 07-4018 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND** |

      Plaintiff, an inmate of the San Mateo County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis.

///

**DISCUSSION**

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  LEGAL CLAIMS**

Plaintiff contends that defendant Levas abused and beat him, causing great pain and injury. He also contends that defendant Demartin, who also is a correctional officer, and defendant Gideon, a nurse, observed some or all of the abuse and did nothing about it. Plaintiff

2

1 does not, however, mention the other defendants in his statement of his claim. The complaint

2 therefore will be dismissed with leave to amend to specify what each defendant did that plaintiff

3 contends violated his constitutional rights. *See Erickson v. Pardus*, 127 S. Ct. at 2200.

4 Plaintiff should also note that defendant San Mateo County Jail probably is not a suable entity,

5 and that his claim against defendant San Mateo County can only be maintained if he alleges that

6 the violations of his constitutional rights were pursuant to a policy or practice of the county

7 itself. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January __16__, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\CHENG4018.DWLTA.wpd